IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PRESTON CRIST, SANDI CRIST, ) <br> and DAVID CRIST, ) <br> ) <br>     Plaintiffs ) <br> ) <br> v. ) <br> ) <br> TENNESSEE DEPARTMENT OF ) <br> CHILDREN'S SERVICES, STATE ) <br> OF TENNESSEE, GARY W. MORRIS, ) <br> and REFLECTIONS, ) <br> ) <br>     Defendants ) | No. 3:05-cv-135 |

## **MEMORANDUM OPINION**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Preston and Sandi Crist contend that the civil rights of their son David were violated during the time that he was confined in the Reflections Treatment Center and the Mountain View Youth Development Center as an alleged juvenile sex offender. Mountain View is a State of Tennessee treatment center, while Reflections is a private facility. Currently pending is the motion of defendants State of Tennessee and Mountain View Superintendent Gary Morris in his individual capacity to dismiss for lack of subject matter jurisdiction, Rule 12(b)(2), Fed. R. Civ. P., and failure to

state a claim upon which relief can be granted, Rule 12(b)(6), Fed. R. Civ. P., [Court File #43], and the motion for partial summary judgment of Reflections Treatment Agency [Court File #27]. For the reasons that follow, the motion of defendants State of Tennessee and Gary W. Morris will be granted, and the motion of Reflections Treatment Agency will be denied.

I.

*Factual Background*

The following factual allegations are considered in the light most favorable to the plaintiffs and are taken from plaintiffs' second amended complaint.

While a juvenile, David Crist was placed in Reflections Treatment Center for alleged sexual offenses on or about May 28, 2002. While at Reflections, David was physically assaulted by guards on several occasions, resulting in visible injuries. His assaults were reported to Reflections personnel, but "nothing was done about it."

While at Reflections, David and his parents were lied to by many individuals, particularly Cheryl Buford, an employee of the Department of Human Services. For example, David was promised a home pass to attend his sister's high

2

school graduation, but shortly before the event David and his parents were told he could not have the pass. In addition, Cheryl Buford continually denied the physical abuse against David even though it was apparent and had been documented.

On or about May 14, 2004, David was placed in Mountain View Youth Development Center. Neither David nor his parents were given proper notice of this transfer nor the reasons for it. When David began his treatment at Mountain View, he was given no credit for his previous treatment at Reflections and had to start over.

At Mountain View, David was again subjected to assaults. Most recently, in the fall of 2004 a guard, Lt. George Mack, watched through the door while another student assaulted David in his room. This particular beating was reported to Mountain View personnel, in particular to Superintendent Gary Morris, but nothing was done about it.

While at Mountain View, David was not provided reasonable and necessary medical care. He was deprived of such necessities as eye glasses. In addition, David was promised many things, only to have those things taken away without just cause. David should have been released from Mountain View because he met the relevant educational and mental criteria. However, Mountain View, without cause or justification, refused to release him. Even though David was in

Mountain View for sexual treatment, he was disciplined for underlying illnesses/conditions that were out of his control.

Superintendent Morris and Reflections did not know about their staffs' dangerous propensities. According to the plaintiffs, this lack of knowledge was caused by the defendants' policies, including inherently deficient discovery of staff misconduct. Peer pressure produced a "code of silence," which resulted in few formal complaints and a failure to discipline staff members. The second amended complaint alleges that in spite of this lack of knowledge, Superintendent Morris authorized, approved or knowingly acquiesced in his staff's conduct.

II.

*Standards for Motions to Dismiss*

When determining whether to dismiss a complaint for failure to state a claim upon which relief can be granted, a court must assume all facts averred in the complaint to be true and indulge all reasonable inferences in favor of the plaintiff. *Hardy v. First American Bank, N.A.*, 774 F. Supp. 1078 (M.D. Tenn. 1991). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Windsor v. The Tennessean*, 719 F.2d 155 (6th Cir.

1983). A motion to dismiss "requires the court to construe the complaint in the light most favorable to the plaintiffs, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of her claims that would entitle her to relief." *Frizzell v. Southwest Motor Freight, Inc.*, 906 F. Supp. 441, 443 (E.D. Tenn. 1995).

Nevertheless, "the complaint must articulate more than a bare assertion of legal conclusions." *Id.* "The complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fannie Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). A court may dismiss a complaint "for either of two reasons: (1) lack of a cognizable legal theory, or (2) the pleading of insufficient facts under a cognizable legal theory. *Adam v. Silicon Valley Bancshares, Inc.*, 884 F. Supp. 1398, 1400 (N.D. Cal. 1995).

III.
*Summary Judgment Standard*

Pursuant to Rule 56, summary judgment shall be rendered when requested if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of law. It is the burden of the party seeking summary judgment to show the court that, under uncontradicted facts, the moving party is entitled to judgment as a matter of law. Summary judgment is intended to provide a quick, inexpensive means of resolving issues as to which there is no dispute regarding the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In assessing the validity of a summary judgment motion, the court views the pleadings, depositions, answers to interrogatories, admissions, and competent affidavits in a light most favorable to the opponent of the motion. However, an opponent to a motion for summary judgment may not rest upon the mere allegations or denials of his pleadings, but must set forth through competent and material evidence specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an essential element of that party's case, and on which the party will bear the burden of proof at trial. *Catrett*, 477 U.S. at 322.

6

Case 3:05-cv-00135   Document 47   Filed 03/08/06   Page 6 of 12   PageID #: 29

## IV.

### *Eleventh Amendment Immunity*

Under the Eleventh Amendment, neither a state, its agencies, nor its officials acting in their official capacities may be sued for money damages in federal court unless the state has waived its sovereign immunity or Congress has overridden it. *Edelman v. Jordan*, 415 U.S. 651 (1974). It is undisputed that the State of Tennessee has not waived its sovereign immunity on its own behalf or on behalf of its agencies or officers. T.C.A. § 20-13-102(a). Moreover, neither a state nor its agencies may be sued in federal court for prospective relief. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). In this case, the Crists have sued the State of Tennessee and its agency, the Department of Children's Services. Both of these entities enjoy absolute Eleventh Amendment immunity from this lawsuit. Accordingly, they are entitled to be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

## V.

### *Plaintiffs' Claims against Superintendent Gary Morris*

In addition to suing the State of Tennessee and its Department of Human Services, the plaintiffs have also sued, in his individual capacity, Gary W.

Morris, the Superintendent of the state's Mountain View Youth Development Center. A plaintiff proceeding under 42 U.S.C. § 1983 must allege that a defendant state official, in order to be liable in his individual capacity, must be either directly involved or personally involved in the alleged unconstitutional activity. *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976). *Respondeat superior* is not a basis for imposing liability on supervisory officials under § 1983. It must be based on more than the right to control employees. *Id.* at 373-77. Plaintiff must point to a "casual connection between the misconduct complained of and the official sued." *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), *cert. denied*, 460 U.S. 1086 (1983). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied*, 469 U.S. 845 (1984). A mere complaint or grievance to a supervisory official is an insufficient basis upon which to establish personal liability for a constitutional violation. *Garrido v. Coughlin*, 716 F. Supp. 98, 100 (7th Dist. NY 1989). "Combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983." *Henry v. Pogats*, 35 F.3d 565 (6th Cir. 1994).

To determine whether the plaintiffs have alleged an actionable claim against Superintendent Morris, it is necessary to examine their second amended

complaint. Paragraphs 26 through 28 of the second amended complaint allege that the superintendent should have known that his "staff's dangerous propensities" created a threat, but concede that Superintendent Morris lacked actual knowledge of these propensities. They go on to allege that there were procedures in place designed to "cover up" staff misconduct and that the superintendent remained "totally insulated from knowledge of wrongdoing by staff members." Second Amended Complaint at ¶ 29. The second amended complaint goes on to allege in a contradictory manner that Superintendent Morris "authorized, approved, or knowingly acquiesced" in his staff's behavior. The statement in the second amended complaint that Superintendent Morris "authorized, approved, or knowingly acquiesced" in his staff's behavior is obviously just a conclusion of law which is not only unsupported by the alleged facts, but in fact contradicted by the alleged facts. Under the circumstances, plaintiffs' complaint does not state a claim upon which relief can be granted against Superintendent Morris in his individual capacity.

In addition, Superintendent Morris has previously raised the issue of qualified immunity. It is well established that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have know." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Officials are immune from suit for their actions unless "the law

clearly proscribed the actions." *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985). "Whether an official protected by qualified immunity may be personally liable for an allegedly unlawful official action turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987).

Once a state official raises the qualified immunity defense, the plaintiff must prove the violation of a clearly established constitutional right. *Jackson v. Schultz*, 429 F.3d 586, 589 (6th Cir. 2005). If the plaintiff fails to do so, the court should dismiss the suit. *Id.*

In this case, Superintendent Morris has previously raised his qualified immunity defense. In response, plaintiffs' only factual allegations with respect to him are that after finding out about the alleged abuse of David Crist, he failed to act. However, plaintiffs have failed to point out any case law that indicates that a supervisory official's knowledge and inaction after an incident may provide the basis for § 1983 liability. Accordingly, in addition to the second amended complaint failing to state a claim upon which relief can be granted against Superintendent Morris, he is also entitled to qualified immunity.

10

# VI.

## *Plaintiffs' Claims Against Reflections Treatment Center*

Reflections contends that even assuming that it can be properly identified as a state actor, liability under § 1983 cannot be premised on a theory of *respondeat superior*, and therefore in order to hold it liable plaintiff must be able to prove that a violation of a federal right occurred because of one of its policies or customs. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). Reflections has presented two affidavits of its employees and an affidavit of David Crist's case manager which in essence deny that Reflections had any custom or policy which might have conceivably violated plaintiffs' rights. Plaintiffs' response does not provide any countervailing affidavits, but rather suggests that discovery has not yet taken place, which renders plaintiffs unable to appropriately respond. Although plaintiffs have not technically complied with the requirements of Rule 56(f) with regard to producing an affidavit indicating why they cannot respond at this time, the court is aware that discovery has not taken place. Accordingly, defendant's motion for partial summary judgment will be denied at this time. Plaintiffs will be permitted two weeks within which to file an appropriate affidavit under Rule 56(f). If such an affidavit is timely filed, the plaintiffs will be permitted to take discovery. Defendant Reflections may renew its motion for partial summary judgment, if appropriate, upon the completion of plaintiffs' discovery.

VII.

## *Conclusion*

In light of the foregoing, the state defendants' motion to dismiss the second amended complaint [Court File #43] will be granted. The motion of Reflections Treatment Agency for partial summary judgment [Court File #27] will be denied. The motions of the state defendants to stay discovery [Court Files #21] and to dismiss the amended complaint [Court File #23] will be denied as moot.

Order accordingly.

                                                    *s/ James H. Jarvis*
                                             UNITED STATES DISTRICT JUDGE